UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVIDSON SURFACE/AIR INC.., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1183 RLW |
| | ) |
| HALA BAHSOUN d/b/a JR TRANSPORT, | ) |
| INC. and YOUSSEF RICH., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the First Motion to Consolidate Cases (ECF No. 27), Plaintiff Davidson Surface/Air Inc.'s Motion to Compel Deposition of Defendant Youssef Rich (ECF No. 29), and the parties' Joint Motion to Amend Amended Case Management Order (ECF No. 35). These matters are fully briefed and ready for disposition.

**I. Motion to Consolidate**

**A. Standard of Review**

"A Motion to consolidate, pursuant to Rule 42(a), Federal Rules of Civil Procedure, is entrusted to the sound discretion of the Court, but that discretion is not unbounded." *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (citing *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir.1994); *United States E.P.A. v. City of Green Forest, Ark.*, 921 F.2d 1394 (8th Cir. 1990)). "As Rule 42(a) makes clear, a common issue of fact or law is a prerequisite to consolidation." *Chill*, 181 F.R.D. at 405 (citing *In re Be–Mac Transport Co.*, 83 F.3d 1020, 1027 (8th Cir.1996); *Saettele,* 21 F.3d at 236). In considering consolidation, the Court should

thoughtfully weigh:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF,* 999 F.2d 1007, 1011 (6th Cir.1993), quoting *Hendrix v. Raybestos–Manhattan Inc.,* 776 F.2d 1492, 1495 (11th Cir.1985); see also, *Kramer v. Boeing Co.,* 134 F.R.D. 256, 258 (D.Minn.1991).

"Consolidation is not appropriate 'if it leads to inefficiency, inconvenience, or unfair prejudice to a party.'" *Chill*, 181 F.R.D. at 405 (quoting *EEOC v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir.1998)).

### B. Background

Plaintiff Davidson Surface/Air, Inc. ("Davidson") filed its Complaint in this case against Hala Bashoun d/b/a JR Transport ("JR Transport") and Youssef Rich ("Rich") on July 31, 2015. Davidson seeks to recover for property damage, environmental clean-up costs, loss of cargo, and other related damages arising from a multiple vehicle accident that occurred on February 28, 2015 on Interstate 44 in Phelps County, Missouri. Since filing, the parties have been actively involved in discovery.

On November 11, 2016, Lazaro Valdes ("Valdes") filed a Complaint against Davidson, James Hart, Hala Bahsoun d/b/a JR Transport, Youssef Rich, and "Does 1 to 20," in this Court. *See* Cause No. 4:16cv1764 (the "Valdes Lawsuit"). In Valdes' Complaint, he asserts a claim for personal injury sustained as a result of the same February 28, 2015 multiple vehicle accident at issue in this instant action. As stated, Valdes' Complaint is against both defendants to this action,

2

as well as against Davidson and Davidson's employee, James Hart.

## C. Discussion

On November 29, 2016, Valdes filed a Motion to Consolidate (ECF No. 27). Valdes requests that the Court consolidate this case with the Valdes Lawsuit pursuant to Fed. R. Civ. P. 42(a). Valdes states that common questions of law are involved in both actions, in part, because "both Plaintiffs seek damages under the Hazardous Materials Transportation Act at Title 49 of the Code of the Federal Regulations" and the "Spill Bill under the Missouri Revised Statute pertaining to hazardous substance transportation." (Valdes Lawsuit, ECF No. 27, ¶1).

Defendants JR Transport and Rich do not object to the consolidation of pending matters for trial and discovery because they would prefer a global settlement of all of the claims arising from the February 28, 2015 accident. (ECF No. 32).

Davidson opposes the Motion to Consolidate. (ECF No. 28). Davidson and James Hart have moved to dismiss the Valdes Lawsuit based on lack of subject matter jurisdiction and the lack of diversity. Davidson claims that the Motion to Consolidate is premature, pending the outcome of the dispute over subject matter jurisdiction. (ECF No. 28 at 2). Davidson asserts that Valdes' Complaint fails to allege a federal question and does not (and cannot) allege diversity jurisdiction because both Valdes and defendants JR Transport and Rich are all California residents. (ECF No. 28 at 3).

Davidson further argues that, even if diversity jurisdiction exists in the Valdes Lawsuit, the Motion to Consolidate should be denied because consolidation would cause inconvenience, delay, and unfair prejudice to Davidson. Davidson notes that the two lawsuits allege patently different claims. Davidson's Complaint has two counts for negligence for vicarious liability against JR

3

Transport and Rich to recover for property damage, environmental clean-up costs, loss of cargo and other related charges. (ECF No. 28 at 4; ECF No. 1). Valdes' Complaint seeks damages for personal injury, including counts for negligence, negligent entrustment, negligent hiring and retention, negligent training and supervision, and negligence per se directed to JR Transport, Rich, Davidson, and Davidson's employee, James Hart. (ECF No. 28 at 4; ECCF No. 28-1). In addition, Valdes' Complaint alleges a claim for punitive damages against Davidson and Hart. Davidson finally contends that consolidation would cause delay, inconvenience, and unfair prejudice to Davidson. (ECF No. 28 at 5-6).

The Court holds that Valdes' Motion fails to show a commonality of factual and legal issues in the lawsuits. Although both lawsuits are the result of the February 28, 2015 accident, the Court holds that consolidation is not necessary because of the different claims alleged by the Davidson and Valdes. Although there might be some factual overlap, the plaintiffs in the two lawsuits allege claims that are entirely independent of each other. The parties do not, and cannot, argue that there is a risk of inconsistent verdicts between the lawsuits. Thus, because the Court considers the fact that the Davidson lawsuit is much further along and the two cases are not parallel actions, the Court denies the Motion to Consolidate.

## II.     Motion to Compel Deposition

The parties have tried on several occasions to schedule the deposition of Defendant Rich. (ECF No. 29). Most recently, Defendants' counsel stated that the Motion to Consolidate would need to be resolved prior to the production of Defendant Rich for deposition. (ECF No. 29, ¶16). In turn, Davidson claims it requires the deposition of Defendant Rich in order to prepare for trial. Now that the Court has ruled on the Motion to Consolidate, the Court orders that the deposition of

Defendant Rich occur no later than June 30, 2017.

### III. Joint Motion to Amend Amended Case Management Order

Finally, the Court grants the Joint Motion to Amend Amended Case Management Order (ECF No. 35). The following schedule shall apply.

### I. SCHEDULING PLAN

1. This case has been assigned to Track 2 (Standard).

2. Disclosure shall proceed in the following manner:

(a) The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., shall apply. The presumptive limit of twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall not apply, and instead, impose a limit of forty (40) interrogatories per party shall apply.

(b) Requests for physical or mental examinations of parties pursuant to Rule 35, Fed. R. Civ. P. are not anticipated.

(c) The parties shall complete all discovery in this case no later than **June 30, 2017**.

(d) Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

3. Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings and motions under Daubert must be filed no later than **July 14, 2017**. Opposition briefs shall be filed no later than **August 14, 2017** and any reply brief may be filed no later than **August 28, 2017**. **Courtesy copies (including all exhibits) of all motions for summary judgment and motions under Daubert shall be submitted to chambers either by mail or hand-delivery.**

### II. ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **November 6, 2017**, at **9:00 AM**. This is a **two**-week docket.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **Stipulation**: Meet and jointly prepare and file with the Clerk a JOINT

Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses**:

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits**:

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions**:

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered

6

waived.

5. **Instructions**: Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.). **The parties shall email a copy of the instructions to the clerk at: MOEDml_Team_AGF-RLW-NCC@moed.uscourts.gov.**

6. **Trial Brief**: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7. **Motions In Limine**: File all motions in limine to exclude evidence, <u>and submit a courtesy copy directly to the Court's chambers</u>, at least ten (10) days before trial.

Failure to comply with any part of this order may result in the imposition of sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that First Motion to Consolidate Cases (ECF No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Davidson Surface/Air Inc.'s Motion to Compel Deposition of Defendant Youssef Rich (ECF No. 29) is **GRANTED**. Defendant Rich's deposition shall occur no later than **June 30, 2017**.

**IT IS FINALLY ORDERED** that the parties' Joint Motion to Amend Amended Case Management Order (ECF No. 35) is **GRANTED**.

Dated this 24th day of April, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE